UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

| | |
|---|---|
| DAVID R. GEIGER, LINDA D. GEIGER and WILLIAM LEHRICH,<br>            Plaintiffs,<br><br>        v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br>            Defendant. | :<br>:<br>:<br>:<br>:       No.   5:24-cv-0185<br>:<br>:<br>: |

_____

**O P I N I O N**
Motion to Dismiss, ECF No. 10 - Granted

**Joseph F. Leeson, Jr.**                                                                                       **March 12, 2024**
**United States District Judge**

I.  **INTRODUCTION**

This case involves a claim for property damage. Defendant State Farm Fire and Casualty Company has filed a Motion to Dismiss the bad faith claim. For the reasons outlined below, the Motion to Dismiss is granted without prejudice and with leave to amend.

II. **BACKGROUND**

The following facts are taken from the Amended Complaint, *see* ECF No. 9, and accepted as true for the purposes of this Opinion.

Plaintiffs David Geiger, Linda Geiger, and William Lehrich own the premises located at 851 S State Street, Ephrata, PA 17552 ("Property"). Am. Compl. ¶ 1. The Property is insured through Defendant State Farm Fire and Casualty Company. *Id.* ¶ 4. Prior to issuing the insurance policy, State Farm inspected the Property and required Plaintiffs to repair the roof. *Id.* ¶¶ 13, 14. Plaintiffs then retained a contractor who made the requisite the repairs, after which Plaintiffs submitted the contractor's invoice to State Farm. *Id.* ¶¶ 15, 16. State Farm then issued the subject policy. *Id.* ¶ 17.

On December 24, 2022, the strong winds of a storm caused damage to the Property's roof, resulting in water damage to the interior. *Id.* ¶¶ 18-21. Plaintiffs made a timely claim to State Farm, portions of which were ultimately denied. *Id.* ¶¶ 22-24. Relevant here is the roof. In its denial letter, State Farm stated that the roof portion of the claim was denied because "there was evidence of wear, tear, deterioration, improper workmanship and materials used in construction which is not covered by" the policy. *Id.* ¶ 25. In response, Plaintiffs hired a public adjuster who inspected the Property and concluded that the damage was indeed caused by the storm and covered by the policy. *Id.* ¶¶ 26, 27. Plaintiffs' adjuster then prepared an estimate totaling $107,600.52. *Id.* ¶¶ 28, 29. The adjuster also drafted a letter to State Farm opining that the insurance company was frivolously denying the claim and misrepresenting the scope of its coverage. *Id.* ¶ 30. Following the letter, State Farm accepted coverage in the amount of $7,004.28 but continued to deny coverage for the roof. *Id.* ¶¶ 31, 32. Despite indicating that it was denying coverage for the roof, State Farm "included in [its] estimate the cost to tarp the roof and for some replacement shingles." *Id.* ¶ 33. Further, State Farm "retained an engineer who observed that the roof was missing shingles." *Id.* ¶ 35.

The Amended Complaint raises two claims: breach of contract and bad faith. On February 12, 2024, State Farm filed a Motion to Dismiss the bad faith claim, arguing that the Amended Complaint makes only conclusory statements that it acted in bad faith without factual averments to explain how. *See* ECF No. 10. On February 22, 2024, Plaintiffs filed a response to the Motion. *See* ECF No. 11. As of the date of this Opinion, Defendant has not filed a reply.

### III.  LEGAL STANDARDS

####   A.  Motion to Dismiss - Review of Applicable Law

Under Rule 12(b)(6), the court must "accept all factual allegations as true [and] construe the complaint in the light most favorable to the plaintiff." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (internal quotation marks omitted).  Only if "the '[f]actual allegations . . . raise a right to relief above the speculative level'" has the plaintiff stated a plausible claim.  *Id.* at 234 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Id.* (explaining that determining "whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense").  "In deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents."  *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).  Also, "a document integral to or explicitly relied upon in the complaint may be considered."  *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted).  The defendant bears the burden of demonstrating that a plaintiff has failed to state a claim upon which relief can be granted.  *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

B.     **Bad Faith – Review of Applicable Law**

"To recover on a bad faith claim, a claimant is required to show by clear and convincing evidence that: (1) the defendant insurer did not have a reasonable basis for denying the policy benefits; and (2) that the insurer knew or recklessly disregarded its lack of reasonable basis when it denied the claim." *Camp v. N.J. Mfrs. Ins. Co.*, No. 16-1087, 2016 U.S. Dist. LEXIS 74496, at *9 (E.D. Pa. June 8, 2016). To state a bad faith claim for an insurer's failure to pay a claim, "the plaintiff must allege an underlying element of self-interest or ill will." *O'Brien v. Liberty Mut. Ins.*, No. 21-cv-01234, 2021 U.S. Dist. LEXIS 140495, at *5-6 (E.D. Pa. July 28, 2021). "Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith." *Id.* "Courts in this Circuit have routinely dismissed bad faith claims reciting only 'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Camp*, 2016 U.S. Dist. LEXIS 74496 at *11.

IV.    **ANALYSIS**

"Bad faith claims are fact specific and turn on the conduct of the insurer towards the insured." *Toner v. GEICO Ins. Co.*, 262 F. Supp. 3d 200, 208 (E.D. Pa. 2017). Accordingly, a "plaintiff must plead specific facts as evidence of bad faith and cannot rely on conclusory statements." *Id.* (citing *Smith v. State Farm Mut. Auto. Ins. Co.*, 506 F. App'x 133, 136 (3d Cir. 2012)). Here, Plaintiffs have offered little more than conclusory statements in support of their claim. Count II alleges that State Farm engaged in bad faith conduct in the following ways:

> (a) in forwarding correspondence to Plaintiffs and/or Plaintiffs' representative, representing to Plaintiffs and/or Plaintiffs' representatives that their claim was not, in fact, covered under Defendant's Policy of insurance when Defendant knew or should have known that such representation was false and misleading.

>   (b) in failing to effectuate a prompt, fair and equitable settlement of Plaintiffs' claim when its liability under the policy became reasonably clear;
>
>   (c) in misrepresenting pertinent facts or policy or contract provisions relating to the coverages at issue;
>
>   (d) in treating the Plaintiffs with reckless indifference and disregard under the circumstances;
>
>   (e) in misleading and/or misrepresenting to Plaintiffs that Defendant would ever honor a claim made for damages to the roof of the Property;
>
>   (f) in not having a reasonable basis for denying Plaintiffs benefits under the policy and in knowingly or recklessly disregarding its lack of reasonable basis when it denied Plaintiffs' claim; and/or
>
>   (g) in interpreting ambiguous terms, provisions and/or conditions of the aforementioned policy in its favor and against Plaintiffs.

Am. Compl. ¶¶ 49(a)-(g). These averments are "a litany of the kind of conclusory allegations and threadbare recitals of a cause of action that are plainly insufficient to survive a motion to dismiss." *Carr v. Travelers Home & Marine Ins*. Co., No. CV 23-1993, 2023 WL 7167570, at *5 (E.D. Pa. Oct. 31, 2023).

In their brief, Plaintiffs cite two other "factual" averments in support of their bad faith claim. First, Plaintiffs argue that in requiring Plaintiffs to repair the roof prior to the issuing of the policy, Defendants "explicitly and/or impliedly" represented that it would "properly" indemnify Plaintiffs for damages to the roof. Pls.' Resp. at 12, ECF No. 11. This is not a factual averment as it simply reiterates Plaintiffs' belief that the claim is not being properly handled. It is a legal conclusion and cannot sustain a bad faith claim where it does not speak to *why* State Farm did not have a reasonable basis for denying the claim. *See Toner*, 262 F. Supp. 3d at 208 ("A plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair.").

Second, Plaintiffs point to State Farm's change of position which came about after Plaintiffs' public adjuster wrote a letter essentially disputing State Farm's denial.  After receipt, State Farm agreed to pay a portion of the damages, including an estimate to tarp the roof and replace some shingles.  The implication is that State Farm's change of opinion evidences bad faith for the initial denial of coverage.  The Court disagrees.  The change in position alone does not speak to the sort of "knowledge or reckless disregard of a lack of a basis" for denying a claim which may give rise to a bad faith claim.  *Post v. St. Paul Travelers Ins. Co*., 691 F.3d 500 (3d Cir. 2012) (quoting *Frog, Switch & Mfg. Co. v. Travelers Ins. Co*., 193 F.3d 742 (3d Cir. 1999)).

Further, the adjuster's letters cannot sustain a claim for bad faith where they simply parrot the averments in the Amended Complaint by summarily stating that Defendants denial of coverage was frivolous.  This is not enough.  *See Leyman v. Econ. Fire & Cas. Co.*, No. CV 23-3458, 2023 WL 8188444 (E.D. Pa. Nov. 27, 2023) (denying leave to file a second amended complaint which only added a report by a public adjuster that "merely mimic[ed]" the conclusory allegations of the complaint.).

While the dismissal is without prejudice[1] and with leave to amend, the Court notes that any amended complaint "must specifically include facts to address 'who, what, where, when, and how the alleged bad faith conduct occurred.'"  *Rosenberg v. Amica Mut. Ins. Co*., No. CV 18-406, 2018 WL 4944396, at *3 (W.D. Pa. July 12, 2018), *report and recommendation adopted*, No. CV 18-406, 2018 WL 4944372 (W.D. Pa. July 30, 2018).

---

[1]   *See Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile").

## V.      CONCLUSION

For the foregoing reasons, the Court grants State Farm's Motion to Dismiss the bad faith claim brought in Count II.

A separate Order follows.

BY THE COURT:

*/s/ Joseph F. Leeson, Jr.*
JOSEPH F. LEESON, JR.
United States District Judge